### JONES ET AL *vs.* SMALLEY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

By the common law, when the plaintiff's right of recovery depends on, and arises from an act to be done by him, he must either show an actual tender and refusal, or that every thing has been done by him which could be done to carry the contract into effect.

*Notice* in the newspapers is not sufficient, unless a knowledge of that notice be brought home to the party.

Whether, when the party is in the place, personal notice is not necessary. *Query?*

The plaintiffs must show that they were ready and willing up to the last moment given for the performance of the contract, to do every thing required of them.

This was an action to recover damages for an alleged breach of the following contract:

"We, the undersigned, agree to ship with the steamboat Samson, fifty head of horses by the first trip, at fifteen dollars per head, with all the grain in barrels that we may wish to put in, and a reasonable quantity of packed hay: To pay customary freight on any that remains on their arrival at their place of destination," &c. &c.

The plaintiffs, with whom the contract was made, were
the owners of the boat, and alleged in their petition, that
in consequence of this agreement, they were put to great expense in fitting the hulk of the Hercules, as well as fixing the steamboat Samson for the transportation of the horses; and that they were prepared to receive them on board and transport them as agreed on, of which the defendant was duly notified, but failed to comply with his part of the agreement.

The defendant, among other matters of defence, denied notice of the departure of the boat; and the evidence on this point showed, that the time of the departure of the boat was made known by the usual notices in the public journals, and by putting up bills at the hotels; but nothing showed that a knowledge of these notices were brought home to the defendant, or that personal notice was given. There was judgment for defendant in the court below, and the plaintiffs appealed.

*Worthington*, for appellants, made the following points:

1. We contend that the facts exhibited in this case, are sufficient to entitle us to recover without showing a direct personal notice.

2. The laws of Ohio control this case, the contract having been entered into in that state. 1 *La. Rep.* 254, 534. 2 *ibid*, 115.

3. In the absence of evidence, the court will not presume the existence of a rigid technical rule, but will decide upon the circumstances of a case agreeably to the principles of reason and the ordinary rules of justice. The court will notice the rules of the common law as derived from treatises and reports. 1 *La. Rep.* 255. 3 *Blackstone's Com.* 336.

*Schmidt*, for appellee, made the following points:

The judgment of the District Court is correct, and should be affirmed:

1. Because the appellants have not shown that they assented

EASTERN DIS. to, or accepted of the contract sued on. *La. Code, arts.*
*December,* 1832.
1759, 1761, 1791, 1805, 6, 7, 8, &c.

JONES ET AL     2. Because the defendants and appellees were never legally
*vs.*
SMALLEY.     put in *default* or *mora*, or even notified of plaintiffs' intention
to depart. *La. Code, arts.* 1905, 1907. *Code of Practice, art.*
13. *Wilbor* vs. *McGillicuddy*, 3 *Miller*, 382. *Kohn and Bor-*
*dier* vs. *Packard, ibid*, 228.

3. Because no damages have been proved. *La. Code, arts.*
1920, 1921, 1927, 1928, &c.

PORTER, J., delivered the opinion of the court.

The petition states, that the plaintiffs are owners of a
steamboat called the Samson, and that the defendant agreed
at Cincinnati, in the state of Ohio, to ship fifty horses on
board of her, to be transported to New-Orleans, at the rate
of fifteen dollars each, and that he signed an agreement to
that effect.

It further avers, that plaintiffs were put to considerable
expense in making the alterations and arrangements on board
the boat necessary to receive the horses; that the defendant
was notified of the time of her departure, and of the readi-
ness of the plaintiffs to receive them on board; and it con-
cludes by averring damages to the amount of seven hundred
and fifty dollars, sustained by the petitioners, in consequence
of the breach of the contract.

The answer sets up various grounds of defence, and the
argument at the bar embraced all the points at issue. We
have directed our principal attention to one of them, being of
opinion it decides the case.

It was contested whether the rules of the common law, or
those of Louisiana, should regulate the contract. We shall
take the former, as the plaintiffs insisted we ought; because
even by them, we do not think they have made out a case
which entitles them to recover.

By the agreement, the horses were to be shipped by the
first trip of the boat. The departure, owing to ice in the
river, was delayed for six weeks. The contract not having

EASTERN DIS.
December, 1832.

JONES ET AL
vs.
SMALLEY.

fixed a particular day for the performance, notice of the time the boat was ready to receive the horses, was necessary. Notice is accordingly averred in the petition, but in our opinion, the evidence does not support the allegation in such a manner as to bring the case within the rules of law which govern it.

By the common law, as we understand it, when the plaintiff's right of recovery depends on, and arises from an act to be done by him, he must either show an actual tender and refusal, *or that every thing has been done by him, which could be done,* to carry the contract into effect. *Cro. Elis.* 888. *Sulk.* 623. 1 *Lord Raymond,* 686. 5 *East.* 107.

*By the common law, when the plaintiff's right of recovery depends on, and arises from an act to be done by him, he must either show an actual tender and refusal, or that every thing has been done by him which could be done to carry the contract into effect.*

Notices of the usual kind are proved to have been inserted in the Cincinnati papers, of the departure of the boat; and handbills to the same effect were put up at the hotels. It is proved the defendant was at the landing when the Samson was taking in her load, and that the place where he was seen was but a short distance from, and within sight of her.

*Notice in the newspapers is not sufficient, unless a knowledge of that notice be brought home to the party*

There is nothing in the record to bring the knowledge of these notices home to the defendant. The evidence only proves he might have known of the departure of the boat, not that he did know of it. It perhaps authorises the inference, he was aware she was taking in freight, because he was on the wharf, but it does not authorise us to go further and say he knew when she was to depart. Besides, it is doubtful whether, as the defendant was in the city, personal notice should not have been given. It would seem the plaintiffs did not do, as the law required them to do, every thing in their power to give the contract effect.

*Whether, when the party is in the place, personal notice is not necessary. Query?*

But if this difficulty could not be got over, another remains equally formidable. The parties, it is shown, modified their original contract, which was to put the horses on board the Samson, and afterwards agreed, that the hull of another boat, the Hercules, should be fitted up to receive and transport them. We have it in evidence, that this boat, which was at some distance from the landing, was never brought there up to the time of the departure of the Samson, which was to take her in tow. By the rules of the jnrisprudence which

EASTERN DIS. apply to the case, the plaintiffs must show that they were
December, 1832.
ready and willing up to the last moment given for the per-
JONES ET AL
vs.         formance of the contract, to do every thing required of them,
SMALLEY.    and unless they show this, they cannot recover.  Upon this
The plaintiffs
must show that principle it was decided, in two of the cases already cited,
they were ready
and willing up to that in an action for not accepting a transfer of stock, it was
the last moment
given for the per- not sufficient for the plaintiff to show that he gave notice to
formance of the
contract, to do the defendant to attend on a particular day and accept the
every thing re-
quired of them, transfer, and that the plaintiff went to the bank to perform
his part of the contract, unless he showed that he staid at the
banking house, until the last time of the day, at which the
transfer could be made.  In neither of these cases was it
proved, that the defendant had attended at any hour of the
day; but the courts held, that the opposite party, to supply
the want of tender and refusal, must prove he had done
every thing in his power to carry the contract into effect.

The facts of the case show, that the defendant, previous
to the departure of the Samson, had entered into a contract
to have his horses taken down the river in another boat; but
this, in our opinion, did not dispense with the necessity of the
plaintiffs doing every thing which the law required them to
do to give them a right of action.  It shows an unwillingness
merely on the part of the defendant to carry his contract
into effect, not an impossibility for him to do so; and it is the
latter which alone excuses the plaintiff from the non-per-
formance on his part.  The effect, too, of this testimony, is
a good deal weakened by proof from the other side, that the
plaintiffs were satisfied with the change in the defendant's
intentions.  A witness swears that he heard one of them say,
that he was glad of it, as it saved him the trouble of towing
down the hull of the Hercules.  The great quantity of ice
then in the river, accounts very satisfactorily for this declara-
tion on the part of the owner of the boat.

It is, therefore, ordered, adjudged, and decreed, that the
judgment of the District Court be affirmed, with costs.